### Kerwin and others *v.* Hibernia Ins. Co.[1]

*(Circuit Court, E. D. Louisiana.* December 9, 1885.)

1. **Equity Jurisdiction.**
   Equity courts have jurisdiction in cases of avoidance of contracts on the ground of inability to contract on account of insanity, and where complainant was not interdicted, or on the ground of fraud.

2. **Same.**
   Equity courts have jurisdiction of a cause seeking to set aside mortgages or conveyances of real estate, brought by forced heirs to recover their *legitime*, in which the real estate is alleged to have been wrongfully placed in the name of the wife of their ancestor, and wrongfully declared to have been acquired by her separate and paraphernal funds, and where an account must be taken to ascertain the estate.

In Equity. On demurrer.

*B. R. Forman* and *E. D. Saunders*, for complainants.

*Thomas Gilmore, John A. Gilmore*, and *Joseph C. Gilmore*, for defendant.

Pardee, J. The case for Mrs. Honora Mansfield is one to set aside and annul a mortgage granted by herself when insane and unable to contract. If she has any remedy at all it is in equity, as she was not interdicted. She demands relief also on the ground of fraud, which is a favorite ground for jurisdiction in equity. The demand of the other complainants is not only to set aside the mortgage given by Mrs. Mansfield, but to recover for themselves, as forced heirs of Michael Kerwin, the *legitime* or forced portion of said Michael Kerwin's estate, which estate is alleged to consist of real estate, and to have been wrongfully placed in the name of the wife, and wrongfully declared to have been acquired by the separate and paraphernal property of the wife, when, in fact, it was acquired by the joint earnings of the spouses, and belonged to the community of acquests and gains. The bill goes to show a case where Kerwin, by joining in the act conveying the property to his wife, estopped himself from claiming the property, and, as he would be estopped, his heirs also are estopped,

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

except for what claims they may have as forced heirs for their *legitime*. The extent of these claims for the *legitime* must depend on an account to be had of the estate of Kerwin, and such account can only be had on the equity side of this court.

If Kerwin joined in the act or sale to his wife, in which act was a declaration that the purchase price was paid from the separate paraphernal property of the wife, when in truth the price was paid from community funds, he was thereby estopped from claiming the property, either for himself or the community; and the result was the same to his creditors and forced heirs as if he had fraudulently alienated the property, and the remedies of the creditors and forced heirs would be the same.

The bill does not specifically state that Kerwin joined in the act of sale by which the proper title of the property in question passed to Mrs. Kerwin, though the fact appears inferentially from the bill, and is conceded in argument. Such statement should be put in the bill, and then, I think, there can be no doubt that as to the demands of all the complainants the remedy is only in equity. As the demurrer is a general one, and to the whole bill, it should be overruled, and such order will be entered; and, in order to perfect the bill as to all the complainants, an amendment as herein indicated will be allowed.